UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 24-4692-JFW(PDx)** | Date: June 17, 2024 |

Title:     West Hollywood RE, LLC -v- Jonathan Weiss, et al.

---

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

    On February 29, 2024, Plaintiff West Hollywood RE, LLC ("Plaintiff") filed a Complaint for Unlawful Detainer against Defendant Jonathan Weiss and Tracy, Inc. ("Defendants") in Los Angeles Superior Court. On June 5, 2024, Monica Guidry ("Guidry") filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1343..

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Guidry bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

    Guidry fails to meet her burden of demonstrating that removal is proper. Plaintiff's Complaint alleges one claim for unlawful detainer under state law. While Guidry alleges in the Notice of Removal that this Court has diversity jurisdiction pursuant to 28 U.S.C.§ 1332(a), it is clear from the face of the Complaint that no diversity jurisdiction exists under 28 U.S.C. §1332. The amount demanded on the face of the Complaint is alleged not to exceed $10,000 – well below the statutory threshold of $75,000.00. Moreover, Guidry has failed to allege the citizenship of the parties. With respect to Guidry's claim that this Court has jurisdiction pursuant to 28 U.S.C. § 1343, the underlying complaint is for unlawful detainer, not deprivation of civil rights, and to the extent

Guidry asserts jurisdiction is proper because she "will be denied due process" in Los Angeles County Superior Court, that is not a proper basis for jurisdiction under 28 U.S.C. § 1343. *See, e.g., Robbins v. LDM-Properties, LLC*, 2022 WL 1469425, at *3 (C.D. Cal. May 10, 2022).  To the extent Guidry is attempting to allege that this Court has jurisdiction pursuant to 28 U.S.C. § 1443, the Court concludes that Guidry has failed to do so.  Section 1443(1) provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all person within the jurisdiction thereof[.]

However, to remove a case under Section 1443(1), a defendant must satisfy the two-prong test set forth by the Supreme Court in *George v. Rachel*, 384 U.S. 780, 794-804 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28 (1966):

> First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (internal citations omitted).  Guidry fails to satisfy either prong.  Moreover, even if Guidry could satisfy the first prong, the Notice of Removal fails to identify any formal expression of state law that prohibits Guidry from enforcing her civil rights in Los Angeles County Superior Court, or include any allegations that suggest that the Los Angeles County Superior Court would not enforce her civil rights in this action.  *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998 (9th Cir. 2006).

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action. Accordingly, this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  In light of the remand of this action, the Request to Proceed In Forma Pauperis is **DENIED.**